UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANETTE JOHNSON,

    Plaintiff,

vs.                                Case No. 3:18-cv-00418-BJD-JBT

REGIONS BANK,

    Defendant.
_____/

## MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW

Defendant, Regions Bank ("Regions"), through its undersigned counsel, hereby files its Motion to Compel Arbitration and Stay Proceeding pursuant to the Federal Arbitration Act, 9 U.S.C. §1, *et seq*. ("FAA"), and in support thereof states the following.

## INTRODUCTION

On March 29, 2018, Plaintiff, SHARON BALES, filed this action against Regions alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.72 (the "FCCPA") based upon purported communications regarding a Regions credit line account. Based upon the agreement controlling the account to which Plaintiff is bound, these claims are subject to a binding arbitration agreement. This binding arbitration agreement is valid and enforceable under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. and must be enforced according to its terms. Accordingly, this action should be stayed and the Plaintiff's claims should be compelled to arbitration.

1

# FACTS

Plaintiff alleges and acknowledges that Regions is one of her creditors with Plaintiff as debtor. *Complaint ¶¶ 10, 11, 15, et seq.* More specifically, on November 3, 2014, Plaintiff activated and accepted a Regions Streamline credit account which was approved and issued to Plaintiff in her name ending in account number 0245 (the "Account"). Thereafter, Plaintiff used the Account, accessed the line of credit, and made her last payment on the Account on or about April 3, 2017. *See Declaration of Kimberly Burkhalter Townsley filed in support hereof (the "Townsley Decl.").* In this action, Plaintiff alleges that Regions made telephone calls to her cellular phone attempting to collect on the Account using an automatic telephone dialing system. *Complaint ¶¶ 16-26.* Plaintiff claims she revoked consent for these calls. *See id.* On these allegations, Plaintiff attempts to state a claim against Regions for violation of the TCPA and FCCPA.

The controlling Account Agreement and Disclosures includes an express agreement to arbitrate as follows in relevant part:

> **ARBITRATION AND WAIVER OF JURY TRIAL AND CLASS ACTIONS. THIS AGREEMENT CONTAINS PROVISIONS FOR BINDING ARBITRATION AND WAIVER OF JURY TRIAL. YOUR ACCEPTANCE OF THIS AGREEMENT INCLUDES YOUR ACCEPTANCE OF AND AGREEMENT TO SUCH PROVISIONS. WHEN ARBITRATION IS INVOKED FOR CLAIMS SUBJECT TO ARBITRATION, YOU AND WE WILL NOT HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR HAVE A JURY DECIDE.**

> **ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL. Except as expressly provided herein, you and we agree that either party may elect to resolve by BINDING ARBITRATION any controversy, claim, counterclaim, dispute or disagreement between you and us, whether asserted or brought in a direct, derivative, assignee, survivor, successor, beneficiary or personal capacity and**

2

**whether arising before or after the Effective Date of this Agreement (any "Claim"). Claim has the broadest possible meaning and includes, but is not limited to, any controversy, claim, counterclaim, dispute or disagreement arising out of, in connection with or relating to any one or more of the following: (1) the interpretation, execution, administration, amendment or modification of the Agreement or any agreement; (2) any account; (3) any charge or cost incurred pursuant to the Agreement or any agreement; (4) the collection of any amounts due under the Agreement, any agreement or any account; (5) any alleged contract or tort arising out of or relating in any way to the Agreement, any account, any agreement, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us; (6) any breach of any provision of the Agreement; (7) any statements or representations made to you with respect to the Agreement, any agreement, any account, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us; (8) any property loss, damage or personal injury; (9) any claim, demand or request for compensation or damages from or against us; (10) any damages incurred on or about our premises or property; (11) any of the foregoing arising out of, in connection with or relating to any agreement which relates to the Agreement, any account, any credit, any transaction or your business, interaction or relationship with us; or (12) any relationship created by or resulting from this Agreement. If either party elects to arbitrate, the Claim shall be settled by BINDING ARBITRATION under the Federal Arbitration Act ("FAA"). This agreement to arbitrate shall include any Claim involving our current and former officers, directors, employees, agents, representatives, contractors, subcontractors, parent, subsidiaries, affiliates, successors, assigns, any third party that assigned any agreements to us and any of the respective current and former employees, officers, agents or directors of such affiliates or third parties, and any such Claim against any of those parties may be joined or consolidated with any related Claim against us in a single arbitration proceeding. In addition, if we become a party in any lawsuit that you have with any third party, whether through intervention by us or by motion or pleading made by you or any third party, we may elect to have all claims in that lawsuit between you and such third party to be resolved by BINDING ARBITRATION under this Agreement.**

**Administration and Rules.** **The arbitration shall be administered by the American Arbitration Association (the "AAA") under its Commercial Arbitration Rules and its Supplementary Procedures For The Resolution Of Consumer- Related Disputes (the "Arbitration Rules") in effect at the time the demand for arbitration is filed. In the event of a conflict between the Arbitration Rules and this Agreement, this Agreement shall control, except that, in the event that the AAA determines that any provision of this Agreement does not comply with applicable standards stated in the AAA's Consumer Due Process Protocol, the standards of the Protocol shall control. We will tell you how to contact the AAA and how to get a copy of the**

3

>**Arbitration Rules without cost if you ask us in writing to do so. Or, you may contact the AAA directly at 1-800- 778-7879 (toll free) or at www.adr.org.**
>
>...
>
>**Scope. Any dispute regarding whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the enforceability, scope, reach or validity of this agreement to arbitrate disputes or of this entire Agreement, shall be decided by the arbitrator(s)**
>
>...
>
>**Transaction Involving Commerce. You and we specifically acknowledge and agree that this Agreement evidences a "transaction involving commerce" under the FAA, and hereby waive and relinquish any right to claim otherwise. You and we hereby acknowledge, agree and stipulate that Regions Bank is a multi-state banking organization engaging in interstate banking and commerce; Regions Bank's deposits are federally insured; the funds deposited in any account flow through interstate commerce; and we regularly use the services of businesses located in other states in opening and administering accounts.**
>
>…
>
>**NOTICE: This agreement to arbitrate disputes limits or waives certain of your rights. With respect to Claims you are agreeing to arbitrate pursuant to this Agreement, you are waiving your right to bring a court action, and you are waiving the right to have a jury trial on all controversies, whether settled by arbitration or by a court. When arbitration is invoked for Claims subject to arbitration, you will not have the right to bring or participate in any class action or similar proceeding in court or in arbitration. Discovery may be more limited in arbitration than in a court proceeding, and the right and grounds to appeal from an arbitrator's award are more limited than in an appeal from a court judgment. Certain other rights you have in a court proceeding also may not be available in arbitration.**

*See Townsley Dec., ¶ 10, Exh. A.*

## ARGUMENT

The FAA mandates that an arbitration agreement in a contract "evidencing a transaction involving [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *9 U.S.C. §2; see Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 443 (2006) (*FAA embodies a national policy favoring arbitration).* Controlling case law makes it clear that the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 10 (1984).

4

The FAA promotes a liberal federal policy favoring arbitration agreements and questions of arbitrability must be addressed with regard for the federal policy favoring arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also Perry v. Thomas*, 482 U.S. 483, 490-91 (1987). Doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[1]. *Moses H. Cone*, 460 U.S. at 24-25. The principal purpose of the FAA is to ensure that arbitration agreements are enforced according to their terms. *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1748 (2011); *accord Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 130 S.Ct. 1758, 1773 (2010); *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989); *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 53-54 (1995).

The elements that must be established in order to compel arbitration are: (i) whether a valid written agreement to arbitrate exists; (ii) whether an arbitrable issue exists; and (iii) whether the right to arbitration was waived. *See Senti v. Sanger Works Factory, Inc., 2007 WL 1174076 at \*2 (M.D. Fla. 2007); Williams v. Eddie Acardi Motor Co., 2008 WL 686222 at \*4 (M.D. Fla. 2008); Fla. Farm Bureau Ins. Cos. V. Pulte Home Corp., 2005 WL 1345779 at \*3 (M.D. Fla. 2005)* at 464 (*quoting Seifert v. U.S. Home Corp*., 750 So. 2d 633, 636 (Fla. 1999)). The trial court's role in deciding whether to compel arbitration is limited to considering these elements and the inquiry must be made against the background of the "liberal federal policy favoring arbitration agreements" and "it is the role of courts to 'rigorously enforce agreements to arbitrate.'" *Klay v. All Defendants, 389 F. 3d 1191, 1200 (11th Cir. 2004), citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985).*

---

[1] The United States Supreme Court has made clear that the FAA is extremely broad and applies to any transaction directly or indirectly affecting interstate commerce. *See, e.g., Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967).

**I.      Whether There is a Valid Written Agreement to Arbitrate**

To determine whether the parties have agreed to arbitrate, courts apply generally accepted state-law principles governing the formation of contracts. *Williams v. Eddie Acardi Motor Co., 2008 WL 686222 at *4 (M.D. Fla. 2008).* In Florida, a party has a duty to learn and know the contents of a proposed contract before he agrees to the same, and is presumed to know and understand its contents, terms and conditions. *See id. (quoting Patricoff v. Home Team Pest Defense, 2006 WL 890094 at *2 (M.D. Fla. 2006) (quoting Sabin v. Lowe's of Fla., Inc. 404 So.2d 772, 773 (Fla. 5th DCA 1981)).*

Here, it is undisputed that Plaintiff activated and opened the Account that was approved and issued to Plaintiff with the Account Agreement and Disclosures controlling the same, and further utilized and maintained the Account after receipt of said agreement. *See Townsley Dec. ¶ 9-10, Exh. A & B.* As a result, it cannot be disputed that Plaintiff is bound by the Account Agreement and Disclosures containing the express arbitration provision noted above. *See Hancock v. American Tel. and Tel. Co. Inc., 701 F.3d 1248 (10th Cir. 2012), Krutchik v. Chase Bank USA, N.A. 531 F.Supp. 2d 1359 (S.D. Fla. 2008); Owings v. T-Mobile USA, Inc. 978 F. Supp 2d 1215 (M.D. Fla. 2013); Rivera v. AT&T Corp., 420 F.Supp. 2d 1312 (S.D. Fla. 2006); Castilla v. Citibank (South Dakota), N.A., 2012 WL 762822 (Tex. App. – Dallas March 9, 2012); Discover Bank (Discover Card) by S.A. Discover Fin. Serv. LLC v. Worsham, 176 P.3d 366, 367 (Ct. App. OK 2007); Sanders, 2008 WL 150479 at 10; Krutchik v. Chase Bank USA, 531 F.Supp. 2d 1359, 11-12 (S.D. Fla. January 23, 2008); Athon v. Direct Merchants Bank, 2007 WL 1100477 (M.D. GA April 11, 2007), affirmed, 251 Fed. Appx. 602 (11th Cir. Oct. 15, 2007).* Accordingly, the evidence is irrefutable in establishing the existence of an enforceable arbitration provision with the Plaintiff.

### II.     Whether an Arbitrable Issue Exists.

Once it is determined that the parties have entered into an arbitration agreement, the next step is to determine whether the claims being alleged fall within the scope of the arbitration clause.  It is clear from the face of the Complaint that the subject claims fall within the express scope of the respective arbitration provision.  *See Andermann v. Sprint Spectrum L.P., 785 F. 3d 1157 (7th Cir. 2015); Shea v BBVA Compass Bancshares, Inc., 2013 WL 869526, at \*4-5. (S.D. Fla. 2013); Babb v. Credit One Financial, 2016 WL 3959646 \*1 (M.D. Fla. 2016)(finding that TCPA and FCCPA claims were within scope of credit card agreement arbitration provision which included debt collection efforts).*

Even if the Plaintiff disputes the second threshold issue, this action must still be compelled to arbitration for the arbitrator to determine this issue based upon the clear terms of the agreement.   It is recognized the general rule is that the issue of arbitrability is for the court to determine.  *See AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)*; *Allen v. Regions Bank, 2010 WL 3168217 (5th Cir. 2010).* However, that general rule does not apply when the evidence clearly demonstrates that the parties' agreement was for the arbitrator to determine the scope and application of the agreement to the alleged claims.  *See id.; see also First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944-45, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); Rent-A-Center West, Inc. v. Jackson, 561 U.S. 62 (2010); Shea v. BBVA Compass Bancshares, Inc., 2013 WL 869526 at \*4 (S.D. Fla. 2013).*

In *Allen*, the plaintiffs brought various claims against Regions Bank related to the application of a disability policy on a mortgage loan account.  *See Allen v. Regions Bank, 389 Fed.Appx. 441 (5th Cir. 2010).*  In response, Regions Bank filed a motion to compel arbitration.

7

*See id.* The lower court denied the motion to compel on the grounds that the alleged claims did not fall within the scope of the arbitration agreement. *See id.* However, the arbitration clause in *Allen* contained the same delegation language found in the agreements in this action *to wit,* that any dispute regarding whether a particular controversy is subject to arbitration shall be decided by the arbitrator. *See id.* On appeal, the Fifth Circuit reversed the lower court and found that "Regions agreement was clear: 'Any dispute regarding whether a particular controversy is subject to arbitration…shall be decided by the arbitrator(s)". *Id. at 446.* As a result, the Fifth Circuit reversed the lower court finding that the motion to compel arbitration should have been granted. *See id.*; *see also Yarbarough v. Regions Nat. Bank & Trust Co., 2012 WL 4596181 (S.D. Miss. 2012); (enforcing delegation clause in Regions Bank arbitration agreements); Regions Bank v. Britt, 2009 WL 3766490 (S.D. Miss. 2009); Regions Bank v. Herrington, 630 F. Supp. 2d 772 (S.D. Miss. 2009); AmSouth Bank v. Steadman, 399 F.Supp. 2d 778 (S.D. Miss 2004) (court held that dispute as to scope of AmSouth Bank arbitration clause should be decided by arbitrator as provided in agreement).* Accordingly, any dispute regarding the second threshold issue must be referred to the arbitrator, and cannot form the basis to oppose or deny this motion.

### III.     Whether the Right to Arbitrate Has Been Waived.

With regard to the final step in the analysis, Regions has not waived the right to arbitration. On the issue of waiver, the Florida Supreme Court in *Raymond James Fin. Servs., Inc. v. Saldukas*, *896 So.2d 707, 711 (Fla. 2005),* held that wavier is the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right. The essential question is whether, under the totality of the circumstances, the subject party acted inconsistent with the arbitration right. *See Nat.*

8

*Foundation for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C.Cir.1987); see also Ivax Corp. v. B. Braun of Am., 286 F. 3d 1309 (11th Cir. 2002).* Consequently, any party arguing waiver of the right to arbitration bears a heavy burden of proof. *Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543 (11th Cir.1990).* In the instant case, Regions has not acted in any manner inconsistent with enforcing its right to arbitration, but rather filed the instant motion as its first response to this lawsuit.

Finally, the FAA provides that a court, upon determination that an action before it is subject to an enforceable arbitration provision "shall … stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §3; *Downey v. Robert W. Baird & Co. Inc., 2007 WL 2729578 at *2 (M.D. Fla. 2007); Pratts v. Ares on Fowler, LLC 2015 WL 3539608 at *2 (M.D. Fla. 2015).* Accordingly, this Court should stay this action pending arbitration.

## CONCLUSION

For the foregoing reasons, Regions Bank respectfully requests that the Court compel arbitration and stay this action until the conclusion of the arbitration.

Respectfully Submitted,

**ADAMS AND REESE LLP**

/s/ *Louis M. Ursini, III*
LOUIS M. URSINI, III, ESQUIRE
Florida Bar No.: 0355940
101 East Kennedy Boulevard, Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
Primary: louis.ursini@arlaw.com
Secondary: lisa.stallard@arlaw.com
*Attorneys for Regions Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the following are listed to receive Notices of Electronic Filing through CM/ECF on this day:

Octavio Gomez, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
amferrera@forthepeople.com
amoore2@forthepeople.com
*Attorney for Plaintiff*

/s/ *Louis M. Ursini, III*
LOUIS M. URSINI, III, ESQUIRE
Florida Bar No.: 0355940